IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

```
BUILDERS MUTUAL INSURANCE COMPANY      )
P.O. Box 150006                        )
Raleigh, North Carolina 27624-0006     )
                                       )
                     Plaintiff,        )
                                       ) Civil Case No. 6:09CV00046
v.                                     )
                                       )
HALF COURT PRESS, L.L.C.               )
                                       )
and                                    )
                                       )
RIVERVIEW PROPERTY DEVELOPMENT         )
GROUP, L.L.C.                          )
                                       )
                     Defendants.       )
```

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Builders Mutual Insurance Company ("Builders Mutual"), by counsel, by and for its cause of action against Defendant Half Court Press, L.L.C. ("Half Court"), states and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 1332.

2. Venue is proper pursuant to 28 U.S.C. § 1391, and Local Rule IV.A.5

3. The amount in controversy exceeds $75,000.

4. Pursuant to 28 U.S.C. § 2201, Builders Mutual is entitled to seek a declaration of its obligations under a contract of insurance it issued, from which Half Court claims an entitlement to insurance coverage rights and benefits.

{W1123006.1 }

## PARTIES

5.  Builders Mutual is a mutual insurance company incorporated, and with its principal place of business, in North Carolina.

6.  Half Court is an active Virginia limited liability company ("L.L.C."), formed on March 31, 2008, with its principal place of business at 108 Ivy West Court, Forest, (Bedford County) Virginia 24551.

7.  Riverview Property Development Group, LLC ("Riverview") is an active Virginia limited liability company ("L.L.C."), formed on March 31, 2008, with its principal place of business at 108 Ivy West Court, Forest, (Bedford County) Virginia 24551.

8.  At all times pertinent hereto, Half Court Press owned, and was or is in the process of developing, a tract of property located in Amherst County, Virginia into a residential subdivision known as "Abee Manor." That property is the underlying subject of this insurance coverage dispute.

## FACTS

9.  Builders Mutual issued a Commercial General Liability Policy (hereinafter "Policy"), Number CPP 002699201, to Riverview Property Development Group, LLC ("Riverview"), for the policy period March 13, 2008 through March 13, 2009. A copy of this Policy is attached hereto as Exhibit A and is incorporated by reference herein. That policy was later renewed for the term March 13, 2009, through March 13, 2010 (the "Renewal Policy").

10. On or about March 11, 2009, via a "Commercial Policy Change Request" form, Riverview's insurance agent, E.F. Bennington & Associates, requested to add Half Court as an additional insured on the Policy, pursuant to which Half Court was thereafter added to the Renewal Policy. However, at no time was Half Court ever an insured under the 2008-09 Policy.

{W1123006.1}

11.     On March 18, 2009, a Complaint was filed by a Robert L. Sales against Half Court, captioned *Robert L. Sales v. Half Court Press, LLC*, Amherst County Circuit Court, Civil Case No. 09007420 (the "Sales Complaint"; attached as Exhibit B hereto.) In that complaint, Mr. Sales alleges that his own property, which is downslope from Half Court's "Abee Manor" property and which includes a lake, was damaged by Half Court's alleged negligent failure "to create and maintain sufficient detention basins and erosion and sediment control measures" (Exh. B, para. 26) during its development of the Abee Manor project, which in turn caused the plaintiff's property to be damaged by "the continued presence of such water, dirt, spoil, rock, sand, silt, debris and/or other such sediment". (Exh. B, para. 29.)  As a result of the "continued presence" of these materials on his property, Mr. Sales seeks "remediation of such damage by removal of such water, dirt, spoil, rock, sand, silt, debris and/or other such sediment from the plaintiff's property and lake" (Exh. B, para. 29) and to enjoin Half Court from any further development unless and until Half Court "creates and maintains sufficient detention basis and erosion and sediment control measures to prevent the unauthorized discharge of sediment and storm water onto the real estate and into the lake of the Plaintiff." (Exh. B, para. 27.)

12.     Said lawsuit was filed against Half Court five days after the March 13, 2009, expiration date for the 2008-2009 Policy, and seven days before Riverview's March 11th request to add Half Court as an additional insured to the 2009-2010 renewal of the Policy.

13.     Upon information and belief, both Riverview and Half Court knew, prior to the March 11, 2009, request to add Half Court as an "additional insured" to the 2009-10 Renewal Policy, about Mr. Sale's allegations of property damage in connection with the Abee Manor Development.

14. Further upon information and belief, the property damage alleged in the Sales Complaint occurred, if at all, during the 2008-09 Policy Period.

15. For instance, the minutes of a January 22, 2009, Board of Directors Meeting of the Robert E. Lee Soil & Water Conservation District references the Watershed Coordinator's report of consultations with various natural resource agencies regarding the "Robert Sales Pond/Abee Manor Development erosion and sediment control issues".

16. On June 15, 2009, Builders Mutual notified Riverview by letter that a review of the complaint and the Policy indicated that there may not be coverage available to Half Court under the Policy, and notified them that Builders Mutual, with a full Reservation of Rights, would provide a defense until a determination could be made as to whether coverage existed for Half Court under the Policy.

17. On August 5, 2009, Builders Mutual wrote to Riverview denying coverage to Half Court under the Policy, based on a determination that Half Court was not an "Insured" under the Policy and that, assuming *arguendo* that it was covered under the Policy, the claims asserted in the Sales Complaint were excluded from coverage under the Policy's Total Pollution Exclusion.

## INSURANCE POLICY PROVISIONS

18. At Section I, Coverage A, (1)(a), the Commercial General Liability Coverage Form of the Policy (the "CGL Form") of both the 2008-09 Policy and the 2009-10 Renewal Policy, provides, in relevant part, for payment of "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

19. At Section I, Coverage A, (1)(b), the Commercial General Liability Coverage Form provides, in relevant part, that: "[t]his insurance applies to 'bodily injury' and 'property damage' only if:

> "(1) The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory' and
> "(2) The 'bodily injury' or 'property damage' occurs **during the policy period.**"

20. At Section I, Coverage A, (1)(b), the Commercial General Liability Coverage Form further provides, in relevant part, that:

> "[t]his insurance applies to 'bodily injury' and 'property damage' only if:"

> \*\*\*

> "(3) **Prior to the policy period, no insured**...and no 'employee' authorized by you to give or receive notice of an 'occurrence' or claim, **knew that the....'property damage' had occurred**, in whole or in part. If such a listed insured or authorized 'employee' knew, prior to the policy period, that the... 'property damage' occurred, then any continuation, change or resumption of such...'property damage' during or after the policy period will be deemed to have been known prior to the policy period."

21. Endorsement CG 21 49 to the 2008-09 Policy and the 2009-10 Renewal Policy, entitled 'TOTAL POLLUTION EXCLUSION ENDORSEMENT" excludes from coverage "'bodily injury' or 'property damage' which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time." The term "pollutant" is defined as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

## CLAIM FOR RELIEF

22. No insurance coverage is provided to, available to, or otherwise exists as to Half Court under the 2008-2009 Policy, by operation of Section I, Coverage A, (1)(b)(2), the Policy, since Half Court was not a named "insured" under the Policy at any time within that policy period, nor was Half Court named as an "additional insured" under that Policy.

23. After the inception of the 2009-10 Renewal Policy, Half Court was added as an additional insured. However, the property damage alleged in the Sales Complaint did not occur during the policy period of the 2009-10 Renewal Policy. Instead, the improper actions and conduct of Half Court alleged in the Sales Complaint are alleged to have occurred in 2008. (Exh. B, paras. 14-19.)

24. In addition, prior to the policy period of the 2009-10 Renewal Policy, at least one insured, Riverview, knew of the property damage alleged by Sales.

25. As a result, no coverage exists under the 2008-09 Policy or the 2009-10 Renewal Policy for the claims asserted in the Sales Complaint.

26. In addition, no coverage exists under the 2008-09 Policy or the 2009-10 Renewal Policy for the claims asserted in the Sales Complaint because those claims are excluded under the Total Pollution Exclusion contained in both policies.

27. WHEREFORE, Plaintiff Builders Mutual respectfully prays that this Court Order the following relief:

    a. That the Court determine and adjudicate the rights and liabilities of the parties under the subject Policy;

      b.    That the Court declare that Plaintiff Builders Mutual has no duty to defend or indemnify Half Court Press, L.L.C. with respect to the claims and suit brought against it by Robert L. Sale in the referenced underlying lawsuit;

      c.    For such other relief as the Court finds to be just, equitable and proper.

Respectfully submitted,

BUILDERS MUTUAL INSURANCE COMPANY

By Counsel

Sands Anderson Marks & Miller
a Professional Corporation

*/s/*

Danny M. Howell (VSB No. 30352)
Douglas A. Winegardner (VSB NO. 46570)
Michael T. Marr (VSB No. 48536)
801 East Main Street, 18th Floor
PO Box 1998
Richmond, VA 23218-1998
Phone: (804) 783-7270
Fax:    (804) 783-7291
Email:  DWinegardner@SandsAnderson.com
COUNSEL FOR PLAINTIFF, BUILDERS MUTUAL INSURANCE COMPANY

{W1123006.1 }